UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ITI HOLDINGS, INC., d/b/a Technical
Diving International, SCUBA DIVING
INTERNATIONAL, EMERGENCY
RESPONSE DIVING INTERNATIONAL,

     Plaintiff,

-vs-                Case No.  5:06-cv-85-Oc-10GRJ

PROFESSIONAL SCUBA ASSOCIATION
INTERNATIONAL, LLC, HAL WATTS,
JANICE WATTS,
     Defendants.
_____

**O R D E R**

This case is before the Court for consideration of the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, Based on Res Judicata and, in the Alternative, Substantive Law (Doc. 10), to which the Plaintiff has responded (Doc. 19). The motion is ripe for review and the Court concludes that it is due to be denied.

**Background and Facts**

The Plaintiff's 52-page, 240-paragraph Complaint[1] alleges eight counts, purporting to state claims for tortious interference with contract, civil conspiracy, misappropriation of

---

[1] The lengthy and needlessly detailed Complaint before the Court clearly violates the plain language of Federal Rule of Civil Procedure 8(a): "A pleading which sets forth a claim for relief shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." (emphasis added). Exemplifying the unnecessary verbiage that fills the Plaintiff's complaint is the "allegation" appearing at paragraph 124 that reads in its entirety as follows: "Hal Watts may pay lip service to the value of integrity, but his actions, and the actions of the other Defendants he now associates himself with speak louder than words."

trade secrets, copyright infringement, trademark infringement, trade dress infringement, and unfair competition. The facts, as gleaned from the Complaint and from judicially noticed materials,[2] are as follows.

The Plaintiff, ITI Holdings, Inc., is a scuba diving training agency that develops standards and course material for advanced level scuba diving instruction and certification. There are four defendants in this action: Professional Scuba Association, Inc. ("PSA"), Professional Scuba Association International ("PSAI"), Hal Watts, and Janice Watts. PSA is a scuba diving training agency that competes with the Plaintiff in the market for providing scuba diving instruction and certification, and PSAI is a subsidiary or alter ego of PSA that was created to expand PSA's international market presence. Hal Watts is the founder and CEO of PSA and his wife, Janice Watts, is an officer and employee of PSA. In addition, the allegations in the Complaint often concern the actions of four persons who are not defendants in this action: Joseph Odom, David Crockford, Joseph Keiser, and Michael Ange (the "Non-defendants"). Each of the Non-defendants are former management employees of the Plaintiff and current officers of Defendants PSA and PSAI.

As stated by the Plaintiff in its opposition to the Defendants motion to dismiss: "All of the defendants' conduct is set forth in painstaking detail in ITI's complaint." The

---

[2] The Court takes judicial notice of the following materials filed in ITI Holdings, Inc., et al. v. Professional Scuba Ass'n, Inc. et al., Case No. 05-CV-184-GZS (D. Maine 2005): (1) Complaint; (2) Defendant's Motion to Dismiss and, in the Alternative, for More Definite Statement; (3) Plaintiff's Motion to Transfer; (4) Recommended Decision on Motions to Dismiss, for a More Definite Statement and to Transfer; (5) Defendant's Objection to Magistrate's Report and Recommendation; (6) Judgment; and (7) Notice of Appeal.

recitation of that detail, however, is not necessary to a determination of the motion before the Court.  In short, the Plaintiff alleges in the Complaint that beginning in September 2004 the Defendants, in conjunction with the Non-defendants, developed and implemented a conspiracy to loot the Plaintiff of its corporate management, proprietary information and materials, instructor base, and international distribution network.  According to the Plaintiff, the Defendants then reinvented themselves to take advantage of the looted corporate material, and interfered with the Plaintiff's ability to replace its lost assets and to provide its customers with training materials and certifications.

In September 2005, the Plaintiff filed an action styled <u>ITI Holdings, Inc., et al. v. Professional Scuba Ass'n, Inc. et al.</u>, Case No. 05-CV-184-GZS (D. Maine 2005),  in the United States District Court for the District of Maine, naming as defendants each of the Defendants <u>and</u> each of the Non-defendants, as well as the non-party Tools for Diving Education, Inc.  Shortly thereafter, all of the defendants in the District of Maine action moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted and, in the alternative, moved for a more definite statement of several of the claims.  In response, the Plaintiff filed a motion to transfer the District of Maine action to this Court, but did not address the merits of the Defendants' motion to dismiss, other than to insert the following footnote:

> The defendants also have moved to dismiss the complaint for failure to state a claim upon which relief can be granted or, alternatively, for a more definitive statement. ITI has not responded to this motion because it intends to file an amended complaint as a matter of right, and the court's determination of ITI's motion to transfer will determine whether Florida or Maine law applies going forward.

Despite the Plaintiff's footnote concerning how the proceedings would unfold, the magistrate judge in the District of Maine issued a report recommending that the Defendants' motion to dismiss for lack of personal jurisdiction be granted as to the Defendants (PSA, PSAI, Hal Watts and Janice Watts) and Tools for Diving Education, Inc. and that the motion to dismiss for failure to state a claim should be granted as to the Non-defendants (Joseph Odom, David Crockford, Joseph Keiser, and Michael Ange). The magistrate judge based his latter recommendation solely upon the fact that the Plaintiff filed no opposition to the motion to dismiss for failure to state a claim. The defendants in the District of Maine action objected to the magistrate judge's report to the extent that it did not recommend that the district court dismiss the claims against all the defendants for failure to state a claim, urging the district court that, "If the Court were to dismiss on personal jurisdiction grounds, nothing would stop plaintiff from refiling this baseless suit against PSA in another jurisdiction." The district court adopted the recommendations of the magistrate judge without discussion, and the Plaintiff has filed a notice of appeal to the United States Court of Appeals for the First Circuit, appealing only "from the judgment entered against ITI and in favor of defendants Joseph Odom, David Crockford, Joseph Keiser and Michael Ange on March 9, 2006 dismissing ITI's complaint against them for failure to state a claim."

On March 7, 2006, the Plaintiff filed this action against the Defendants. The Complaint in this case is substantially similar to the complaint in the District of Maine action, the most significant difference being that the Complaint filed here lacks any counts

that purport to state claims against the Non-defendants - a reduction of six counts from the complaint in the District of Maine.  The Defendants now move to dismiss the Plaintiff's Complaint on the basis of two alternative grounds.  Arguing first for the application of both issue preclusion and claim preclusion, the Defendants assert that this action is barred by res judicata due to the proceedings in the District of Maine.  Second, the Defendants assert that each count in the Plaintiff's Complaint fails to "substantively" state a cause of action.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[3]  As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[4]  Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[5]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[6]  Instead, all that is required is that the claimant set forth

---

[3] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).

[4] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 80 (1957); see also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

[5] Dotschay v. Nat'l Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[6] Conley, 355 U.S. at 47.

a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[7]

## Discussion

### *Res Judicata*

While res judicata is an affirmative defense that should be raised pursuant to Federal Rule of Civil Procedure 8(c), the Eleventh Circuit has allowed a party to raise that defense in a Rule 12(b)(6) motion "where the defense's existence can be judged on the face of the complaint."[8] In making such a judgment, the Court may take judicial notice of and consider documents filed in other legal proceedings for the limited purpose of recognizing the subject matter of the other litigation, as well as the "judicial acts" taken and the issues decided by the other court.[9] The Court's consideration of such properly judicially noticed facts will not result in the conversion of a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment.[10]

The Defendants argue that the Plaintiff's action is barred by the doctrine of claim preclusion, which bars a party from raising a claim that was raised in prior litigation if four

---

[7] Id.

[8] Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).

[9] See Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995); Moore v. Potter, 2006 WL 2092277, * 4-5 (M.D. Fla. July 26, 2006).

[10] See Brown v. Brock, 169 F. App'x 579, 582 (11th Cir. March 3, 2006) (unpublished opinion) (citing Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998)); Moore, 2006 WL 2092277 at * 4-5.

elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."[11] Here, the Defendants seek to have the Court bar the Plaintiff from bringing an action against them because the District of Maine dismissed all claims against the Non-defendants for failure to state a claim.  That dismissal necessarily disposed of all counts in the Maine complaint, save one count that alleged a claim solely against PSA, PSAI, Hal Watts and Janice Watts.[12]  Thus, the causes of action dismissed for failure to state a claim in the Maine action were seven out of the eight counts in the Complaint before this Court,[13] as well as six counts not alleged in the Complaint before this Court: two counts of fraud in the inducement and four counts of breach of contract, each of which was alleged to be committed individually by Joseph Odom, David Crockford, Joseph Keiser or Michael Ange.

There is no question that the United States District Court for the District of Maine was a court of competent jurisdiction over the Plaintiff's claims against Joseph Odom, David Crockford, Joseph Keiser or Michael Ange, that the parties before this Court, or those in privity with them, were identical in both suits,[14] and that the prior and present causes of

---

[11] Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

[12] This is Count I in both the District of Maine complaint and the Complaint before this Court.

[13] Just as in the Complaint before this Court, those seven causes of action alleged that they were directed to "ALL DEFENDANTS."

[14] The Complaint is flush with allegations that the Non-defendants acted in privity with the
(continued...)

7

action are the same, i.e., both stemmed from the alleged looting of the Plaintiff's business. This leaves only the question of whether the judgment in the District of Maine represented a final judgment on the merits. More specifically, we must determine whether the district court's dismissal of the Maine action was a default judgment, which normally is not an adjudication on the merits that would give rise to a viable res judicata defense.[15]

Dismissals under Rule 12(b)(6) are generally considered judgments on the merits, unless the court specifies otherwise.[16] However, the Court will look beyond the label affixed to an order by a district court when determining whether the dismissal operates to preclude future claims.[17] Such an analysis is especially appropriate in a case such as this, where the consequence of dismissal would be so drastic as to deprive a party of the opportunity to be heard.[18] Here, while both the magistrate judge and the district court in Maine purported to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim, it is clear to the Court from a review of both the judicially noticed documents and the authority

---

[14](...continued)
Defendants. Despite the Plaintiff's protestations that the allegations of privity were denied in the Answer filed in the Maine action, it is the Plaintiff's Complaint that we focus on at this stage in the proceedings.

[15] See In re Bush, 62 F.3d 1319, 1325 (11th Cir. 1995) ("Ordinarily a default judgment will not support the application of collateral estoppel because in the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.").

[16] See Davila v. Delta Airlines, Inc., 326 F.3d 1183, 1189-90 (11th Cir. 2003); Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002); Criales v. Am. Airlines, Inc., 105 F.3d 93, 97 (2d Cir. 1997).

[17] See Davila, 326 F.3d at 1189-90.

[18] See Criales, 105 F.3d at 97.

relied upon by the magistrate judge in the District of Maine in recommending dismissal that the judgment the Defendants seek to use as a shield from proceedings in this Court is simply a judgment of default.[19]  Moreover, this is not a case in which the default judgment is given preclusive effect due to the misconduct of a party.[20]  Accordingly, at this stage in the proceedings, the Court cannot say that it appears clear from the face of the Complaint that the Plaintiff's suit is barred by claim preclusion.

In addition, the Defendants invoke the doctrine of issue preclusion, which bars a party from relitigating a particular issue of law or fact if four elements are met: "(1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding."[21]  Again, the Defendants seek to have the Court bar the Plaintiff from litigating certain issues because the Maine court granted a 12(b)(6) motion in favor of the Non-defendants.  The Defendant's argue in summary fashion that the Plaintiff is collaterally estopped from litigating at least one essential element of each of the counts in the Complaint.  However, the Defendants fail to address whether any issue now asserted as being estopped from relitigation was <u>actually litigated</u>

---

[19] See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1 (1st Cir. 2002).

[20] See In re Bush, 62 F.3d at 1325.

[21] Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).

in the prior proceeding or whether the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the District of Maine. The motion to dismiss will be denied.

### *"Substantive" Failure to State a Claim*

The portion of the Defendants' motion that requests that the Court dismiss each and every count in the Plaintiff's Complaint for failure to state a claim is without merit. As an initial matter, although it is clear from the title of their motion, the nature of the relief they seek, and the language they use in their memorandum, the Defendants' fail to make reference to the Rule under which they move, or to cite a single case concerning the standard the Court must abide by in passing on a Rule 12(b)(6) motion.

Regardless of the deficiencies of the Defendants' motion, it appears clear to the Court that the Plaintiff has met the very minimal pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss. It also appears clear to the Court that the Defendants cobbled together this portion of their memorandum relying primarily on a variety of unsupported legal conclusions, unsupported factual statements, and references to materials outside of the Complaint[22] that the Court will not consider for the purposes of

---

[22] In counts I and II, the Plaintiff alleges tortious interference with contract. The Defendants move to dismiss counts I and II because those counts purportedly fail to "properly allege the type of fraud that constitutes actionable interference with contract." The Defendants' rely solely upon Maine case law for support of this portion of their motion, stating without citation to authority in a footnote that: "Maine law must apply to any claim of interference with these contracts, as the contracts themselves specify Maine as the locus, e.g., Exhibit B at 11-13, ITI is located in Maine, and the contractors are all over the
(continued...)

this Rule 12(b)(6) motion.  Moreover, despite the Defendants' imperative, the Court is not convinced at this stage of the proceedings that Maine law applies to counts I, II and IV and the Court exercises its discretion not to look outside the pleadings to make such a determination.  None of the abbreviated arguments put forth by the Defendants convince

---

[22](...continued)
world."

In count III, the Plaintiff alleges civil conspiracy.  The Defendants move to dismiss that count because there purportedly "are no recognizable wrongs done to ITI by the Defendants named herein."

In count IV, the Plaintiff alleges misappropriation of trade secrets.  The Defendants move to dismiss that count because it purportedly fails to allege facts that the information at issue "derives value from not being known to the public."  The Defendants rely solely upon Maine case law for support of this portion of their motion, stating without citation to authority in a footnote that: "Maine law should apply to this claim, as ITI is located in Maine so the protections afforded to its secret information would be founded on Maine law."

In count V, the Plaintiff alleges copyright infringement.  The Defendants move to dismiss that count on the basis that the materials referred to in the Complaint are not copyright protected. The Defendants' assertion is based upon records of the United States Copyright Office that the Defendants attached to their motion.

In count VI, the Plaintiff alleges trademark infringement.  The Defendants assert that a factual assumption the Court "must" make necessarily results in a finding that count VI fails to state a claim.  Namely, the Defendants assert that the Court must assume that the goods at issue in this count originated from the Plaintiff because the Complaint does not allege that those goods originated from the Defendant.

In count VII, the Plaintiff alleges trade dress infringement.  The Defendants move to dismiss that count on the basis that the Plaintiff has failed to "allege that the public would view the 'primary significance' of the items it lists as its trade dress is to identify the source, rather than to be the product."  The Defendants' assertion is supported solely by self-serving descriptions of the items at issue; the items are not part of the Complaint.

In count VII, the Plaintiff alleges unfair competition. The Defendants move to dismiss that count on the basis that it "is only derivative of the other counts, which fail to state a claim for the reasons set forth above."

11

the Court that it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[23]

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that:

(1) the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, Based on Res Judicata and, in the Alternative, Substantive Law (Doc. 10) is DENIED; and

(2) the Plaintiff's Motion to Take Judicial Notice of Prior Court Filings (Doc. 21) is GRANTED to the extent stated in this Order, and DENIED in all other respects.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 25th day of October, 2006.

UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record
Maurya McSheehy

---

[23] See Conley, 355 U.S. at 45-46.